# EXHIBIT 1

Filing # 121650455 E-Filed 02/18/2021 02:52:51 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA AND
OSCEOLA COUNTY, FLORIDA

RAFAEL IZQUIERDO,

    Plaintiff,

Case: 2021-CA-001714-O

v.

CONDUENT STATE & LOCAL
SOLUTIONS, INC.,
D/B/A CONDUENT,
a Foreign for-Profit Corporation,

    Defendant.

_____/

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 5-5-21   TIME 9:15A

## SUMMONS IN A CIVIL CASE

**TO: CONDUENT STATE & LOCAL SOLUTIONS, INC., D/B/A CONDUENT,** through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Tiffany Moore Russell
CLERK
/s/ Maytee' Moxley
(BY) DEPUTY CLERK  Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

February 19, 2021
DATE

Filing # 121650455 E-Filed 02/18/2021 02:52:51 PM

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA AND
OSCEOLA COUNTY, FLORIDA

RAFAEL IZQUIERDO,  CASE NO.:

    Plaintiff,

v.

CONDUENT STATE & LOCAL
SOLUTIONS, INC.,
D/B/A CONDUENT,
a Foreign for-Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, RAFAEL IZQUIERDO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CONDUENT STATE & LOCAL SOLUTIONS, INC., D/B/A CONDUENT ("Defendant"), a Foreign for-Profit Corporation, and in support avers the following:

### GENERAL ALLEGATIONS

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability and national origin-based discriminatory treatment of and retaliation against Plaintiff.

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Orange County, Florida.

3. Defendant has a place of business in Orange County, Florida – 9405 West Colonial Drive, Ocoee, Florida 34761 – where Plaintiff worked for Defendant.

4. Venue is proper in the Ninth Judicial Circuit because all of the actions that form the basis of this Complaint occurred within Orange County, Florida and damages are due in Orange County, Florida.

5. Plaintiff was an employee covered by the FCRA in that he was subjected to negative, disparate treatment by his employer predicated on his disability stemming from an automobile accident.

6. Plaintiff is a Venezuelan, male individual and is a member of a class of persons protected from discrimination in his employment under the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA.

8. Defendant was a "person" and/or an "employer" pursuant to the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

9. On or about March 18, 2020, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

12. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff – a Venezuelan, male individual – was hired by Defendant on or about December 22, 2016 to work as a Support Analysis.

14. Throughout the majority of Plaintiff's employment with Defendant, Plaintiff's supervisor was Shayla – who is of Puerto Rican origin.

15. Shayla would consistently treat Puerto Rican employees under her supervision better than the non-Puerto Rican employees under her supervision.

16. Shayla's disparate treatment included not reprimanding Puerto Rican employees for arriving to work late and not timing the duration of the bathroom breaks taken by Puerto Rican employees.

17. Non-Puerto Rican employees under Shayla's supervision had their bathroom breaks timed and were reprimanded for arriving to work late.

18. On or about January 17, 2020, Plaintiff was involved in an automobile accident, which required hospital care.

19. Plaintiff's medical professionals recommended that Plaintiff take two (2) days off from work before returning to his employment with Defendant.

20. Plaintiff, subsequently, requested two (2) days off from work to Shayla. Shayla approved Plaintiff's request and asked that Plaintiff bring a doctor's note when Plaintiff returned to work.

21. Plaintiff returned to work for Defendant on or about January 23, 2020 and Plaintiff provided Shayla with a doctor's note.

22. Without cause or forewarning, later that day – on or about January 23, 2020 – Shayla terminated Plaintiff's employment with the Defendant. The reason provided by Shayla for Plaintiff's termination was that Plaintiff had missed work during the week. However, any

reason proffered for the termination of Plaintiff's employment is mere pretext for unlawful discrimination.

23. Plaintiff's performance, at all times during his employment with Defendant, has been satisfactory or above satisfactory.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff is a member of a protected class under the FCRA.

26. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

27. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination, but for the fact that Plaintiff suffered injuries stemming from an automobile accident.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful, but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II

### *National Origin Discrimination in Violation of the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

36. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992, Florida Statues § 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

37. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

38. The Plaintiff is of Venezuelan national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

39. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Puerto Rican employees were reprimanded for arriving to work late and their breaks were monitored by Defendant's supervisors. In contrast, Puerto Rican employees were not reprimanded for arriving to work late and their breaks were not monitored by Defendant's supervisors.

40. The Plaintiff was terminated as a result of his national origin and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

41. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

42. Moreover, as a further result of the Defendant's unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

43. Plaintiff was qualified for his position with Defendant.

44. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

45. Defendant retaliated against Plaintiff after complaints of national origin discrimination were issued by Plaintiff and Defendant failed to address complaints of discrimination.

46. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute § 760, which protects a person from discrimination based on race and national origin.

47. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his former position with Defendant at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

49. Plaintiff is a member of a protected class under the FCRA.

50. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

51. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability and national origin was unlawful, but acted in reckless disregard of the law.

52. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

54. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his former position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: *February 18, 2021*

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd, Esq.*

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Ivette Rabeiro, Esq.
Fla. Bar No.: 1026822
Email: pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile